RAFFAELE PATRONE, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

First Department, February 21, 1919.

False imprisonment — arrest of one who had purchased tickets and returned them at request of ticket agent — alleged assault — evidence — probable cause for arrest.

Where in an action against a railroad company for false imprisonment it appears that the plaintiff together with his employee purchased two tickets of the defendant company, and, upon being refused admission to the train because they had in their possession two long poles, returned the tickets; that plaintiff remarked that he would get even with the ticket agent; that in a few moments said agent complained that he had been cut with a knife by the plaintiff, and thereupon a policeman was summoned who arrested said plaintiff, and that plaintiff's own witness testified that after he had been near the ticket window he asked her whether she saw him cut the fellow's hand, the evidence was sufficient to establish probable cause for the arrest, and a judgment in favor of the plaintiff should be reversed and a new trial granted.

APPEAL by the defendant, Interborough Rapid Transit Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 10th day of May, 1918, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 11th day of May, 1918, denying defendant's motion for a new trial made upon the minutes.

*B. H. Ames* of counsel [*James L. Quackenbush,* attorney], for the appellant.

*Peter C. Kelly* of counsel [*John P. Joyce* with him on the brief], for the respondent.

SMITH, J.:

The plaintiff, together with his employee, purchased two tickets of the defendant company and upon attempting to go out upon the platform to board the train, were stopped by the ticket chopper, because they had in their possession two long poles which the ticket chopper said could not be carried on the train by reason of their length. Thereupon the plaintiff threw back the tickets into the ticket window and the ticket agent threw out a dime which rolled onto the floor. The plaintiff made some remark that he would get even with him. He then went downstairs to get a policeman and asked him to go upstairs to compel the company to take him on the train with his two poles. The policeman refused to go. He then went back alone. In a few moments the ticket agent complained that he had been cut with a knife and that this man had done the cutting when the agent was handing out a ticket to another passenger, and showed a wound with the blood flowing. Thereupon a whistle was blown and a policeman came up and arrested plaintiff. He was examined the next day and discharged and he brought this action against the defendant company for false imprisonment.

There are two defenses urged, *first,* that the evidence shows that there was probable cause for the arrest, and *secondly,* that the arrest was not the act of the defendant, but was the act of the ticket agent individually. Upon both of these grounds I think this judgment should be reversed. The plaintiff offered as his own witness one Mary Lazaro. She

swears that after he had been near the window the plaintiff came over to her and asked her whether she saw him cut the fellow's hand. This was a witness friendly to the plaintiff, swearing to an admission by the plaintiff that he had committed the assault. Upon the conflict of evidence it is, in my judgment, controlling and is corroborative of the defendant's claim that the plaintiff was guilty of the crime. Upon this evidence, therefore, this judgment would have to be reversed at least as against the weight of evidence.

The second defense urged is, in my judgment, a bar to this action. In *Lezinsky* v. *Metropolitan St. Ry. Co.* (88 Fed. Rep. 437), where a conductor had followed a person outside of the car and had the person arrested for refusing to pay fare, it was held that his act was not the act of the company, and the company was not liable for false imprisonment. The facts in the case cited were stronger in support of the plaintiff's claim of defendant's liability than the facts in the case at bar. There was an arrest for an offense against the company, and for the making of which the servant could have had no object except the performance of the duty to his master, while in the case at bar the offense was one personal to the agent and not an offense against the company and the arrest, after the relation of passenger had ceased, was, therefore, his individual act and not the act of the defendant.

The judgment and order should be reversed and the complaint dismissed.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred for reversal and vote for new trial on the first ground.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.